IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| MARC A. SHOWALTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 08-3228-KHV |
| DAVID R. McKUNE, | ) | |
| Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Pursuant to 28 U.S.C. § 2254, Marc A. Showalter, pro se, seeks a writ of habeas corpus based on ineffective trial counsel and erroneous jury instructions.[1] For reasons stated below, the Court overrules Showalter's petition.

**I.    Procedural Background**

On October 24, 2001, Assistant Finney County Attorney Brian R. Sherwood charged Showalter with four counts of battery of a law enforcement officer in violation of K.S.A. § 21-3413a(5). See Information/Complaint in No. 01CR756. On November 13, 2001, Judge Thomas Richardson appointed the public defender to represent Showalter, see Order Appointing Counsel Private Or Public Defender in No. 01CR756, and Deputy Public Defender Mickey Carl Moorman was assigned to represent defendant. On January 18, 2002, Judge Richardson entered an order consolidating case No. 01CR756 with No. 01CR761, which charged Showalter with an additional

---

[1] In his Amended Petition For Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254, (Doc. #15) filed January 23, 2009, petitioner included a third ground for relief – that the state trial improperly sentenced him – which petitioner subsequently abandoned in his Traverse. See Doc. #23 filed May 14, 2009 at 11. Therefore the Court does not address this issue.

count of battery of a law enforcement officer. See Amended Information/Complaint, No. 01CR756, filed January 29, 2002. On May 15 through 17, 2002, the state district court held a jury trial. Showalter asked for a jury instruction on self-defense, but the district court found no evidence to support that theory and declined to give it. On May 17, 2002, a jury found Showalter guilty as charged.[2] On June 14, 2002, Judge Richardson sentenced Showalter to 226 months in the custody of the Department of Corrections.

Showalter appealed his conviction to the Kansas Court of Appeals. The district court appointed the appellate defender to represent him on appeal. See Order Appointing Counsel Private Or Public Defender filed June 14, 2002 in No. 01CR756. On appeal, Showalter argued that the district court erred by denying his request for a self-defense instruction and using prior convictions both to enhance his sentence and to satisfy an element of the current offenses. On February 20, 2004, the Kansas Court of Appeals affirmed, holding that evidence did not warrant the self-defense instruction, that a jury was not required to determine Showalter's criminal history for sentencing purposes, and that his criminal history was used and calculated correctly. See State v. Showalter, 84 P.3d 636 (table), 2004 WL 324175 (Kan. App. Feb. 20, 2004). The Kansas Supreme Court denied review on May 26, 2004. Id.

On August 18, 2004, Showalter filed pro se a motion for post-conviction relief under K.S.A. § 60-1507, alleging ineffective assistance of counsel for failing to call him as a witness at trial. See Showalter v. State, No. 04CV247, in the District Court of Finney County, Kansas. Specifically, Showalter argued that trial counsel was ineffective for (1) providing erroneous legal advice which caused him to waive his constitutional right to testify; (2) failing to request a jury instruction on

---

[2] Deputy Public Defender Clay Hummer also represented Showalter.

excessive force; (3) failing to present evidence consistent with his claims; and (4) failing to investigate the effects and dangers of pepper spray. On September 23, 2004, the district court appointed William I. Heydman to represent Showalter in the post-conviction proceedings. The district court held an evidentiary hearing on June 20, 2005, and denied Showalter's motion for post-conviction relief on September 14, 2005. Showalter appealed to the Kansas Court of Appeals, which affirmed on September 14, 2007, concluding that Showalter had effective assistance of counsel whose decisions had a sound basis in trial strategy. The Kansas Supreme Court denied review on February 12, 2008.

On September 8, 2008, Showalter filed a petition for writ of habeas corpus in this Court, asserting essentially the same issues which he raised on direct appeal and in the post-conviction proceedings. On January 23, 2009, Showalter filed an amended petition for writ of habeas corpus to correct the respondent and to add an inadvertently omitted claim.

**II.   Evidence**

    **A.   At Trial**

On May 15 through 17, 2002, the state district court held a jury trial. Showalter was charged with five counts of battery of a law enforcement officer which stemmed from two encounters with Finney County jail personnel. The prosecution called the following witnesses to testify about the first encounter: Michael Harris, Travis Waltz, Jessica Miller, Jeff Steele, Aaron Seal and Traci Romero. The prosecution called the following witnesses to testify about the second encounter: Miller, Seal, Jeff Orebaugh, Eric Rump and Frank Pfeiff. The prosecution also called Mark Welch and introduced videotapes of both encounters and photographic evidence of the officers' injuries. The defense called Stephen Yerger.

The first incident occurred on October 2, 2001, when a deputy ordered Showalter to discard a condiment packet, which inmates are forbidden to have in their cells. Showalter repeatedly refused to comply, so the deputy ordered a "lock-down." Showalter refused to comply with that order, called her a "fucking bitch" and said that he would not leave his cell without a fight. Additional officers arrived on the scene, attempted to persuade Showalter to cooperate, eventually subdued him physically and placed him in a restraint chair. To physically restrain Showalter, officers sprayed him with mace, used pressure points on his neck, legs and face and kneed him in the back of his knees. While an officer was attempting to subdue Showalter by using the pressure point just underneath the nose infraorbital, Showalter bit the officer's finger, which resulted in one of the battery charges.

The second incident occurred on October 11, 2001, when Showalter intentionally flooded his jail cell, threatened officers, and flung a wet towel at anyone who approached. Officers sprayed him with almost four cans of pepper spray but did not induce Showalter's compliance because he covered his face with a towel. Officers then entered the cell and Showalter assumed a fighting stance with both fists up and announced: "I'm going to hit the first motherfucker through this door." The officers then struggled to remove Showalter from his cell. During the struggle, Showalter hit, kicked and spit on them which led to four counts of battery of a law enforcement officer. Showalter was later treated at a hospital emergency room for a broken hand.

### B.  Post-Conviction Proceedings

On June 20, 2005, the state court held an evidentiary hearing on Showalter's motion for post-conviction relief. Showalter called the following witnesses: himself, Mickey Carl Moorman, and Clay Hummer. Showalter testified that he knew that he could have testified at trial but that he had decided to waive that right because his attorneys had advised him that he had not had the right to

resist an arrest. Showalter also provided a written statement to the district court. Moorman testified that he and Hummer had concluded early that self-defense was Showalter's only viable defense.

After the hearing the district court issued a lengthy decision which included findings of fact and conclusions of law. It found that Showalter's criminal trial lawyers, who were experienced, believed that self-defense was his best defense and that to succeed he would probably need to show that law enforcement officers used excessive force. The attorneys developed a strategy to show excessive force by using videotapes and expert testimony. They discussed with Showalter his right to testify. They also told him that they were concerned about him testifying for two reasons: (1) his demeanor as a witness and how he would react under cross-examination because he has a short temper and angers easily; and (2) his testimony might open the door to evidence that he had a prior conviction for battery of a law enforcement officer. See Memorandum Decision And Journal Entry Of Judgment On Petitioner's Motion Pursuant to K.S.A. 60-1507 filed September 14, 2005 in No. 04CV257.

The district court found that in retrospect, the defense evidence was not all that effective. Showalter's expert had testified that the deputies should have allowed more time for de-escalation and that they used the restraint chair ineffectively, but he also testified that they broke no laws and did their job with the training they had. The district court further found that standing alone, the videotapes did not show that Showalter believed that his use of force was necessary to defend himself or that a reasonable person in his circumstances would have perceived that self-defense was necessary. Id.

### III.  Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-32, 110

5

Stat. 1214, (codified in relevant part at 28 U.S.C. § 2254), governs the Court's review in this case. See Paxton v. Ward, 199 F.3d 1197, 1204 (10th Cir. 1999) (AEDPA applies to habeas petitions filed after April 24, 1996, regardless of date of criminal trial forming basis of conviction).  Under Section 2254, as amended by the AEDPA, the Court may not issue a writ of habeas corpus with respect to any claim which the state court adjudicated on the merits unless that adjudication resulted in a decision:

> (1) . . . that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) . . . that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).  Under the "contrary to" clause, the Court may issue a writ of habeas corpus only if (1) the state court arrived at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or (2) the state court decided the case differently than the Supreme Court on a set of materially indistinguishable facts.  Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  Under the "unreasonable application" clause, the Court may grant habeas relief if the state court "correctly identifie[d] the governing legal rule but applie[d] it unreasonably to the facts of a prisoner's case."  Id. at 407-08.  The Court may not issue a writ simply because it concludes, in its independent judgment, that the state court applied clearly established federal law erroneously or incorrectly; rather the application must be objectively unreasonable.  Id. at 409-11.

The Court presumes "that factual determinations made by the state court are correct, and the petitioner bears the burden of rebutting this presumption with clear and convincing evidence." Martinez v. Zavaras, 330 F.3d 1259, 1262 (10th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)) and Fields v. Gibson, 277 F.3d 1203, 1221 (10th Cir. 2002)).  This presumption does not extend to legal

determinations or to mixed questions of law and fact. Id. (citing Herrera v. Lemaster, 225 F.3d 1176, 1178-79 (10th Cir. 2000)). That is, the "deferential standard of review does not apply if the state court employed the wrong legal standard in deciding the merits of the federal issue." Id. (quoting Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir.2003)). Ultimately, this Court's review of the state court proceedings is quite limited, as Section 2254(d) sets forth a highly deferential standard for evaluating state court rulings. Anderson v. Mullin, 327 F.3d 1148, 1152 (10th Cir. 2003).

**IV.    Analysis**

Showalter asserts two grounds for habeas corpus relief : (1) trial counsel was ineffective in not presenting evidence including testimony by defendant to support a theory of self-defense and (2) the trial court improperly failed to instruct the jury on self-defense. See Amended Petition (Doc. #15) filed January 23, 2009 and Traverse (Doc. #23) filed May 14, 2009.[3] Defendant asks the Court for an evidentiary hearing on his claims.

    A.    Ineffective Assistance Of Counsel

Showalter contends that trial counsel was ineffective in not presenting evidence, such as his own testimony, on the theory of self-defense.[4] A claim of ineffective assistance of counsel, in

---

[3]     Because petitioner proceeds pro se, the Court liberally construes his filings. See Cummings v. Evans, 161 F.3d 610, 613 (10th Cir. 1998).

[4]     To the extent petitioner implicitly claims that he was denied the right to testify in his own behalf, the Court finds that this argument is without merit. While a criminal defendant has a constitutional right to testify in his own behalf at trial, Rock v. Ark., 483 U.S. 44, 49- 52 (1987), federal courts generally recognize that a defendant waives the right to testify if he does not affirmatively attempt to take the witness stand during trial. See United States v. Asamoah, 187 F.3d 623 (Table), 1999 WL 529526, at *1 (1st Cir. 1999); United States v. Martinez, 883 F.2d 750, 761 (9th Cir. 1989) vacated on other grounds, 928 F.2d 1470 (9th Cir. 1991); United States v. Bernloehr, 833 F.2d 749, 751-52 (8th Cir. 1987). Petitioner did not affirmatively attempt to do so or object
(continued...)

7

violation of the Sixth Amendment, is governed by Strickland v. Washington, 466 U.S. 668 (1984). See Williams, 529 U.S. at 390-91 (Strickland qualifies as clearly established federal law under AEDPA even though test, by necessity, requires case-by-case examination of evidence); see also Upchurch v. Bruce, 333 F.3d 1158, 1162-1164 (10th Cir. 2003). To show ineffective assistance of counsel under Strickland, Showalter must satisfy two prongs:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland, 466 U.S. at 687. To establish the first element – deficient performance – petitioner must show that counsel's representation fell below an objective standard of reasonableness. Id. at 688. To establish the second element – prejudice – petitioner must show a reasonable probability that but for the errors of counsel, the result of the proceeding would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Our review is "highly deferential" and we "indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 688.

Defendant asserts that it was objectively unreasonable for defense counsel to determine that

---

[4](...continued)
when counsel rested. Therefore he cannot now claim that counsel denied him the right to testify.

the only viable defense was self-defense and then fail to present evidence to support that defense.[5] Defendant argues that his own testimony would have provided evidence to support a self-defense instruction, and that he therefore suffered prejudice by this error.[6]

In the post-conviction proceeding the state district court articulated the correct standard under federal law. See Memorandum Decision And Journal Entry Of Judgment On Petitioner's Motion Pursuant to K.S.A. 60-1507 filed September 14, 2005 in No. 04CV257 at 100 (citing Strickland). It found that trial counsel's performance was not deficient because petitioner did not show prejudice and it therefore denied petitioner's request for post-conviction relief. Id. at 96.

Specifically, after hearing testimony and reviewing evidence, the court found that trial counsel were experienced criminal trial attorneys who reasonably believed that petitioner's best defense was self-defense and that they would have had to show that law enforcement used excessive force to prevail on that defense. Id. at 95. The court found that counsel had developed a reasonable strategy to show excessive force by using the videotapes and expert testimony. Id. Counsel had discussed with Showalter his right to testify and had told him they were concerned about him testifying for two reasons: his demeanor as a witness and opening the door to evidence that Showalter had a prior battery of a law enforcement officer conviction. Id. The court found this strategy was valid because counsel did indeed successfully block the evidence of the prior

---

[5] Showalter acknowledges that counsel put on an expert witness to testify about the restraint chair and that they cross-examined the state's witnesses but contends that this evidence was not sufficient to prove the defense or refute the state's evidence. See Doc. #23 at 9.

[6] To obtain a self-defense instruction, defendant must present evidence which supports both the subjective and objective components of the defense. State v. Barnes, 263 Kan. 249, 265-66, 948 P.2d 627 (1997). Under the subjective component, defendant must show that he had a sincere and honest belief that the use of force was necessary to defend himself, and under the objective component, he must show that a reasonable person under the same circumstances would perceive self-defense to be necessary. Id.

9

conviction.  Id.

The court further found that in retrospect, petitioner's expert witness testimony provided little or no help and that the videotapes standing by themselves did not show that petitioner honestly and sincerely believed that he necessarily needed to use force to defend himself or that a reasonable person in his circumstances would have perceived self-defense to be necessary.  Id. at 96.

Without finding that counsel's assistance was objectively unreasonable, the court concluded that, even if petitioner had carried his burden on the first prong, he had not shown a reasonable probability that but for his attorneys advising him not to testify, he would have prevailed at trial.  Id. Specifically, the court noted that the evidence at trial showed that Showalter was stubbornly noncompliant with the deputies' orders and that this conduct, combined with his defiant attitude and verbalizations that he intended to fight the officers, belied any serious and honest belief that his use of physical force was objectively or subjectively necessary.  Id.  The court further found that the evidence at trial clearly showed that petitioner instigated both incidents, that he refused to comply short of physical intervention, and that a reasonable person under the circumstances would simply have given up the contraband condiment packet (in the first instance) and ceased clogging the toilet (in the second).  Id.

Further, the court found that petitioner's post-conviction testimony and exhibits did nothing to bolster his case.  Id.  Specifically, the court found that with regard to the first incident, he did not give the court any information about what his testimony at trial would have been.  With regard to the second incident, his handwritten statement did not establish that he believed he needed to use force to defend himself or that a reasonable person in his circumstances would have perceived self-defense to be necessary.  Id. at 96-97.

The Kansas Court of Appeals affirmed the district court. See Showalter v. State, 166 P.3d 1087 (Table), 2007 WL 2695821, at *4 (Kan. App. Sept. 14, 2007). After making factual findings, the court found that the decision not to call Showalter to testify did not fall below the objective standard of reasonableness and that even if petitioner had testified that he honestly believed he needed to use force in response to the officers, his testimony would not have satisfied the objective requirement for a self-defense instruction. The Court of Appeals therefore concluded that petitioner was not prejudiced under the second prong. Id.

The state courts reasonably applied the correct legal standard in concluding that petitioner was not prejudiced when he heeded his lawyers' advice not to testify. Petitioner offers no additional evidence (or legal authority) to support his argument that his testimony would have established the objective component for a self-defense instruction. As to the first incident, petitioner states that "being pepper sprayed, tackled, and kicked in addition to choking" would make a person believe that he needed to defend himself – an argument which the state district court properly rejected when it found that a reasonable person would have complied with the officers' instructions instead of responding with force.

As to the second incident, petitioner argues that his actions (which included provoking the officers by clogging his toilet) were somehow justified because officers had retaliated against him after the first incident.[7] The state district court properly rejected this argument when it found that a reasonable person would not have clogged the toilet in the first place. The record supports the state courts' determination that counsel's decision was not unreasonable, and that petitioner was not

---

[7] Petitioner complains that he was denied due process and access to grievance procedures, necessary hygiene materials, outgoing mail and showers, and that an officer intimidated one of petitioner's witnesses. See Doc. #23 at 7.

11

prejudiced. Petitioner has not shown with reasonable probability that had he testified, the result of the proceedings would have been different. Therefore he is not entitled to federal habeas relief on this ground.

  B. <u>Failure To Instruct on Self-Defense</u>

Showalter contends that the trial court violated his right to due process when it refused to give a self-defense instruction. See <u>Middleton v. McNeil</u>, 541 U.S. 433, 437 (2004) (jury instruction violates due process if it fails to effect requirement that state must prove every element of offense). The Kansas Court of Appeals affirmed the decision of the trial court, finding when viewing the evidence in the light most favorable to defendant, that petitioner had not satisfied the two-prong test to merit an instruction on self-defense. See <u>State v. Showalter</u>, 84 P.3d 636, 2004 WL 324175, at *2 (Kan. App. Feb. 20, 2004).

A habeas corpus petitioner bears a "great burden" when he collaterally attacks a state court judgment based on an erroneous jury instruction. <u>Lujan v. Tansy</u>, 2 F.3d 1031, 1035 (10th Cir. 1993). Unless the Constitution mandates a particular jury instruction, a habeas petitioner must show that in the context of the entire trial, the error in the instruction was so fundamentally unfair as to deny petitioner due process. <u>Tiger v. Workman</u>, 445 F.3d 1265, 1267 (10th Cir. 2006) (citing <u>Middleton v. McNeil</u>, 541 U.S. 433, 437 (2004)). The burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because an omission or an incomplete instruction is less likely to be prejudicial than a misstatment of the law. <u>Tyler v. Nelson</u>, 163 F.3d 1222, 1227 (10th Cir. 1999) (quoting <u>Maes v. Thomas</u>, 46 F.3d 979, 984 (10th Cir. 1995)).

To determine whether the state court violated petitioner's due process rights when it refused

to give the self-defense instruction, the Court looks to Kansas self-defense law to determine whether petitioner was entitled to such an instruction. Tyler, 163 F.3d at 1227. Under Kansas law, a "person is justified in the use of force against another when and to the extent it appears to such person and such person reasonably believes that such force is necessary to defend such person or a third person against such other's imminent use of unlawful force." K.S.A. § 21-3211. To determine whether a defendant is entitled to a self-defense instruction, the Kansas Supreme Court has established a two-prong test: the first prong is subjective and requires evidence that defendant honestly and sincerely believed that it was necessary to use self-defense; the second is objective and requires evidence that a reasonable person would have perceived that self-defense was necessary. Tyler, 163 F.3d at 1227 (quoting State v. Sims, 265 Kan. 166, 960 P.2d 1271, 1274 (Kan. 1998)).

The amount of evidence necessary to support a self-defense instruction is minimal, and a defendant can meet the first prong with his own testimony. Id. (citing State v. Childers, 222 Kan. 32, 563 P.2d 999, 1011 (Kan. 1977)) (test not how much but whether "any" evidence supports defendant's theory of self-defense). To meet the second prong, the Tenth Circuit has concluded that Kansas law requires more than defendant's uncorroborated assertions. Id. at 1228. Some evidence must support defendant's belief that he was in danger – there must be some evidence which would persuade a reasonable person that he was in imminent danger. A court which examines the second prong of the Kansas self-defense test necessarily exercises discretion because it evaluates defendant's evidence in light of the totality of the circumstances and makes an assessment about the reasonableness of defendant's belief that self-defense was necessary. Id.

Under this standard, and contrary to petitioner's assertions, the trial court properly refused to instruct on self-defense. Petitioner did not present sufficient evidence at trial that a reasonable

person would perceive the necessity of self-defense.  Petitioner instigated the incidents, defied officers' instructions to comply and repeatedly threatened officers (a fact which he admits in his Traverse).  As the Kansas Court of Appeals noted, a reasonable person would have avoided the confrontations in the first place by complying with the officers' instructions to throw away the mayonnaise and by not provoking the officers by intentionally clogging his toilet.  State v. Showalter, 2004 WL 324175, at *2.  This discretionary evaluation fo the objective prong was proper – as noted by the Tenth Circuit, state courts necessarily must evaluate the evidence to determine whether a self-defense instruction is warranted.

The Court determined above that the state courts correctly concluded that petitioner could not have met the second prong even if he had testified.[8]  See § IV.A, supra.  In the totality of the circumstances, the Court agrees with the Kansas Court of Appeals that no reasonable person would have believed that the use of force was necessary in this situation.  Petitioner has therefore not met his heavy burden of demonstrating that the trial court's refusal to deliver a self-defense instruction rendered the trial so fundamentally unfair as to deny him his rights to a fair trial and to due process. He is therefore not entitled to federal habeas relief on this ground.

**V.     Request For Evidentiary Hearing**

Defendant asks this Court to hold an evidentiary hearing on his claims.  Under 28 U.S.C. § 2254(e)(2), if an applicant has failed to develop the factual basis of a claim in state court proceedings, the Court shall not hold an evidentiary hearing unless the applicant shows that

(A) the new claim relies on –
    (i) a new rule of constitutional law, made retroactive to cases on collateral

---

[8]     This is fatal to petitioner's claim.  Even had he testified about his subjective belief that self-defense was necessary, the fact remains that *even with his testimony* no evidence supported the objective prong.

14

>review by the Supreme court, that was previously unavailable; or
>(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Under this provision, a threshold question is whether the applicant failed to develop a factual basis of his claims in the state court proceedings. "[A] failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or prisoner's counsel." Le v. Mullin, 311 F.3d 1002, 1012 (10th Cir. 2002) (quoting Williams, 529 U.S. at 532). If the applicant did not fail to develop a factual basis for his claims in state court, he is entitled to an evidentiary hearing if his allegations, if true and not contravened by the record, would entitle him to habeas relief. Le, 311 F.3d at 1012 (citing Mayes v. Gibson, 210 F.3d 1284, 1287 (10th Cir. 2000).

In this case, the Court need not decide whether defendant has failed to develop a factual basis for his claims in state court. As discussed above, even if his allegations are true, he is not entitled to habeas relief.

**IT IS THEREFORE ORDERED** that the petition for habeas corpus pursuant to 28 U.S.C. § 2254 be and hereby is **OVERRULED.**

Dated this 11th day of September, 2009 at Kansas City, Kansas.

>s/ Kathryn H. Vratil
>Kathryn H. Vratil
>United States District Judge

15